

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11cr11-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| JOANNA PATRONIS. ) | |

**BASED UPON** the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, **IT IS HEREBY ORDERED THAT:**

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, and/or 28 U.S.C. § 2461(c):

**All currency and monetary instruments constituting proceeds of the crimes alleged in the Bill of Indictment, including the sum of approximately $2,700,000;**

**Approximately $46,857.57 in funds seized during the course of this investigation from Bank of America Account XXXXX9993, such account held in the name of Joanna Patronis and an individual identified herein as M.B.;**

**One 2010 Toyota Rav-4, VIN JTMZF4DV9AD028568;**

**Real property at 608 Washington Street, Cramerton, North Carolina 28032, further described as parcel Number 3575-90-3449, BLK 13 L 8 & P/9 and described in a deed recorded at Gaston County Register of Deeds Book 4501, page 1311.**

2. The United States Secret Service and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described specific property.

3. A forfeiture money judgment in the amount of $2,700,00.00 and an order of forfeiture of the specific property identified above shall be included in the sentence of the Defendant and the United States Department of Justice may take steps to collect the judgment from any property of the Defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p).

4. Pursuant to Fed. R. Crim. P. 32.2(c)(1), to the extent that this Order constitutes a money judgment, this Order shall constitute a final money judgment and no ancillary proceeding or further final order of forfeiture will be necessary. To the extent that this Order constitutes an order for forfeiture of specific property, the United States shall, to the extent practicable, provide direct

written notice to any persons known to have alleged an interest in the specific property, and shall publish notice of this forfeiture as required by law.

5. Any person, other than the Defendant, asserting any legal interest in the specific property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest.

6. Following the Court's disposition of all timely petitions filed, a Final Order of Forfeiture shall be entered. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

DAVID A. BROWN
ATTORNEY FOR THE UNITED STATES
ACTING UNDER THE AUTHORITY CONFERRED BY 28 U.S.C. § 515

_____
KELLI H. FERRY
Assistant United States Attorney

_____
JOANNA PATRONIS
Defendant

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
WILLIAM R. TERPENING, ESQ.
PETER CRANE ANDERSON, ESQ.
Attorneys for Defendant

Signed this the 18 day of April, 2011.

_____
DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE