UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR11

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **CONSENT ORDER FOR** |
| ) | **THIRD-PARTY PETITION** |
| JOANNA PATRONIS ) | |
| ) | |
| PETITION OF SARAH PATRONIS ) | |
| DRAKOPOULOS. ) | |

THIS MATTER is before the Court by consent of the United States of America, by and through David A. Brown, Attorney for the United States acting under the authority conferred by 28 U.S.C. § 515, and Petitioner Sarah Patronis Drakopoulos ("Petitioner"), through counsel, pursuant to Fed. R. Crim. P. 32.2. The Government and Petitioner have consented to this Order as a final adjudication and settlement of all matters with regard to the following property (the "Subject Property") identified in the Consent Order and Judgment of Forfeiture (Dkt. 23) filed herein:

**One 2010 Toyota Rav-4, VIN JTMZF4DV9AD028568.**

The Government and Petitioner have stipulated and agreed and the Court finds as follows:

1. The Subject Property was purchased for a total purchase price, including taxes and fees, of $23,855.44. Records reflect that $16,000, or 67%, of the funds paid for the Subject Property consisted of proceeds of fraud. Petitioner has advised, in pleadings in this Court and in separate communications with the Government, that the remaining 33% of the purchase price was paid with funds that did not constitute proceeds of fraud.

2. Defendant has or had ownership in the Subject Property that is subject to forfeiture under the applicable statute, except that Petitioner's interest is recognized as identified herein.

3. Any violations of applicable criminal statutes involving the Subject Property occurred without the knowledge and consent of Petitioner.

4. Upon sale by the Government of the Subject Property and after the Government has paid all expenses of custody and sale, the Government shall remit to Petitioner 33% percent of any net sale proceeds.

5. The payment to Petitioner shall be in full settlement and satisfaction of all claims by Petitioner arising out of or relating to this forfeiture claim brought by the United States and of all claims resulting from the incidents or circumstances giving rise to this case.

6. Petitioner agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States acting in their individual or official capacities, from any and all claims by Petitioner which currently exist or which may arise as a result of the actions by the United States against the Subject Property.

7. Petitioner agrees to join or consent to any Government motions for interlocutory or stipulated sale of the Subject Property within ten days of petitioner's receipt of the motions.

8. Petitioner waives any rights to further litigate its interest in the Subject Property against the Government and waives any rights to obtain relief via a petition for remission or mitigation of the forfeiture. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

9. Petitioner understands and agrees that the Government reserves the right to, for legal reasons, terminate the forfeiture action at any time.

10. Petitioner and the Government agree to, to the extent necessary, execute further documents to convey clear title to the property to the Government and implement this Consent

Order.

IT IS THEREFORE ORDERED THAT:

1. Petitioner's interest is recognized to the extent described above. Upon sale by the Government of the Subject Property, 33% of any net sale proceeds identified above shall be released to Petitioner in accordance with the terms of this Order.

2. Each party shall bear its own costs, including attorneys fees.

Signed this 18th day of Jan, 2012.

MAX O. COGBURN
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

DAVID A. BROWN
ATTORNEY FOR THE UNITED STATES
ACTING UNDER THE AUTHORITY
CONFERRED BY 28 U.S.C. § 515

Benjamin Bain-Creed
Assistant United States Attorney

Dated: 1/17/12

Petitioner Sarah Patronis Drakopoulos

Dated: 12-30-11

Robert J. Telfer, III, Esq.
Attorney for Petitioner

Dated: 1/4/12

3